IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RICKS,<br>140 Wallace Lane,<br>North Huntington, PA 15642<br><br>      Plaintiff,<br><br>  -vs-<br><br>THE OHIO STATE UNIVERSITY<br>d/b/a Jerome Schottenstein Center<br>*Serve*: *Office of Legal Affairs*<br>1590 N. High St. STE 500<br>Columbus, OH 43201<br><br>COLUMBUS ARENA SPORTS and<br>ENTERTAINMENT (CASE)<br>*Serve: Any Agent*<br>555 Borrow Drive<br>Columbus, OH 43210<br><br>WORLD WRESTING ENTERTAINMENT,<br>LLC<br>*Serve: Corporation Service Company*<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>ABC COMPANIES 1-10<br><br>UMR, INC.<br>*Serve: The Corporation Trust Company*<br>1209 Orange St. Corp. Trust Center<br>Wilmington, DE 19801<br><br>      Defendants. | Case No. 2:25-CV-00970<br>Judge:<br><br><br>**COMPLAINT FOR**<br>**PERSONAL INJURY** |

      Now comes Plaintiff, William Ricks, by and through counsel, and for his Complaint against Defendants hereby states the following:

1

## THE PARTIES

1. Plaintiff William Ricks resides at 140 Wallace Lane North Huntington, PA 15642 and has resided there at all times relevant herein.

2. Defendant The Ohio State University d/b/a the Jerome Schottenstein Center (herein "Schottenstein Center") is an entity headquartered in Ohio and doing business in Ohio at all times relevant herein. At all times relevant herein, Defendant Schottenstein Center was the owner of the building located at 555 Borror Dr. Columbus, OH 43210 (herein the "Premises") at the time of the incident giving rise to Plaintiff's claims on April 22, 2024.

3. Defendant Columbus Arena Sports and Entertainment (herein "CASE") is an entity headquartered and doing business in Ohio at all times relevant herein. Upon information and belief, Defendant CASE is the operator and/or property manager of the Premises at the time of the incident giving rise to Plaintiff's claims on April 22, 2024.

4. Defendant World Wrestling Entertainment, LLC (herein "WWE") is an entity headquartered in Connecticut and registered in Delaware and doing business in Ohio at all times relevant herein. Upon information and belief, Defendant WWE is the promotional operator and/or entity in charge of the Premises at the time of the incident giving rise to Plaintiff's claims on April 22, 2024.

5. Defendant ABC Companies 1-10 are unknown company doing business in Ohio and have been doing business in Ohio at all times relevant herein. Upon information and belief, Defendant ABC Companies 1-10 are the operators and/or entity(s) in charge of the Premises at the time of the incident giving rise to Plaintiff's claims on April 22, 2024.

6. Defendant UMR (herein "UMR") is a health insurance company headquartered in Wisconsin and registered in Delaware and doing business in Ohio at all times relevant

herein.

## JURISDICTION AND VENUE

7. Plaintiff William Ricks incorporates paragraphs 1 through 6 as if fully rewritten herein.

8. The United States District Court for the Southern District of Ohio has jurisdiction over the parties pursuant to 28 US §1332 Diversity of Citizenship of the parties.

9. This Court has personal jurisdiction over the Defendants are they doing business in, and the events giving rise to this complaint took place in, Columbus, Ohio.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

11. Plaintiff seeks damages in excess of seventy-five thousand dollars ($75,000.00).

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff William Ricks incorporates paragraphs 1 through 11 as if fully rewritten herein.

13. Plaintiff William Ricks traveled from his home in Pennsylvania to Columbus, Ohio for the show "WWE Monday Night Raw" on April 22, 2024 put on by Defendant Schottenstein Center, Defendant CASE, Defendant WWE, and Defendant ABC Companies 1-10 at the Premises.

14. Upon information and belief each Defendant, with the exception of Defendant UMR, was individually and/or collectively responsible for maintaining a safe Premises for the duration of the WWE Monday Night Raw show on April 22, 2024.

15. Upon information and belief, for the duration of the WWE Monday Night Raw show on April 22, 2024, the Defendants individually and collectively, with the exception of Defendant UM, owed the ticket-purchasing audience, of which Plaintiff was a member, a duty to maintain the Premises in a way that was free of any hazardous conditions.

16. During the WWE Monday Night Raw show on April 22, 2024, a hazardous condition

3

existed in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious (hereinafter "the hazardous condition").

17. As a result of the unmarked hazardous condition, Plaintiff William Ricks fell and sustained injuries and damages as alleged further herein.

## COUNT I
## (DEFENDANT SCHOTTENSTEIN CENTER'S NEGLIGENCE)

18. Plaintiff William Ricks incorporates paragraphs 1 through 17 as if fully rewritten herein.

19. Upon information and belief, Defendant Schottenstein Center owns and operates the Premises located at 555 Borror Dr. Columbus, OH 43210.

20. On or about April 22, 2024, Plaintiff was present as a business invitee and customer at the Premises for the Monday Night Raw show when he was walking in and around an aisle by sections 207/208 when he slipped and fell due to a hazardous condition that existed in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious.

21. At or about that time, Defendant Schottenstein Center's employees and/or agents negligently performed their duties in that they created the latent hazardous condition and/or failed to warn patrons of the latent hazardous condition.

22. As the direct and proximate result of Defendant Schottenstein Center's employees and/or agents' negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

23. As a direct and proximate result of Defendant Schottenstein Center's employees and/or agents' negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

24. As a direct and proximate result of Defendant Schottenstein Center's employees and/or

agents' negligence, Plaintiff William Ricks has incurred medical expenses in an amount to be proven at trial.

25. As a direct and proximate result of Defendant Schottenstein Center's employees and/or agents' negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT II
## (DEFENDANT SCHOTTENSTEIN CENTER'S VICARIOUS LIABILITY)

26. Plaintiff William Ricks incorporates paragraphs 1 through 25 as if fully rewritten herein.

27. Defendant Schottenstein Center is liable for the acts of their employees and/or agents because their employees and/or agents were acting within the course and scope of their employment and/or agency with Defendant Schottenstein Center at the time of the incident, or because Defendant Schottenstein Center ratified the acts of their employees and/or agents.

28. As a direct and proximate result of the negligent acts committed by Defendant's Schottenstein Center's employees and/or agents within the course and scope of employment and/or agency described herein, Defendant Schottenstein Center is vicariously liable for the aforesaid acts of its employees and/or agents pursuant to the doctrine of *Respondeat Superior*.

29. As the direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

30. As a direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

31. As a direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff

William Ricks has incurred medical expenses in an amount to be proven at trial.

32. As a direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT III
## (DEFENDANT SCHOTTENSTEIN CENTER'S FAILURE TO WARN)

33. Plaintiff William Ricks incorporates paragraphs 1 through 32 as if fully rewritten herein.

34. Defendant Schottenstein Center is negligent for allowing a hazardous condition to exist in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious within the Premises with no posted signage warning of the hazardous condition.

35. Upon information and belief, Defendant Schottenstein Center had both actual and constructive knowledge that the hazardous condition existed while patrons were present at the Premises and failed to monitor, limit or restrict access to the hazardous condition.

36. As the direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

37. As a direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks has suffered permanent physical injuries causing pain and suffering.

38. As a direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks has sustained damages, including medical bills, in excess of $75,000.00 and will continue to sustain damages in an amount to be proven at trial.

39. As a direct and proximate result of Defendant Schottenstein Center's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

**COUNT IV**
**(DEFENDANT CASE'S NEGLIGENCE)**

40. Plaintiff William Ricks incorporates paragraphs 1 through 39 as if fully rewritten herein.

41. Upon information and belief, Defendant CASE is the operator and/or property manager of the Premises.

42. On or about April 22, 2024, Plaintiff was present as a business invitee and customer at the Premises for the Monday Night Raw show when he was walking in and around an aisle by sections 207/208 when he slipped and fell due to a hazardous condition that existed in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious.

43. At or about that time, Defendant CASE's employees and/or agents negligently performed their duties in that they created the latent hazardous condition and/or failed to warn patrons of the latent hazardous condition.

44. As the direct and proximate result of Defendant CASE's employees and/or agents' negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

45. As a direct and proximate result of Defendant CASE's employees and/or agents' negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

46. As a direct and proximate result of Defendant CASE's employees and/or agents' negligence, Plaintiff William Ricks has incurred medical expenses in an amount to be proven at trial.

47. As a direct and proximate result of Defendant CASE's employees and/or agents' negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

7

## COUNT V
## (DEFENDANT CASE'S VICARIOUS LIABILITY)

48. Plaintiff William Ricks incorporates paragraphs 1 through 47 as if fully rewritten herein.

49. Defendant CASE is liable for the acts of their employees and/or agents because their employees and/or agents were acting within the course and scope of their employment and/or agency with Defendant CASE at the time of the incident, or because Defendant CASE ratified the acts of their Employees.

50. As a direct and proximate result of the negligent acts committed by Defendant's employees and/or agents within the course and scope of employment and/or agency described herein, Defendant CASE is vicariously liable for the aforesaid acts of its employees pursuant to the doctrine of *Respondeat Superior.*

51. As the direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

52. As a direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

53. As a direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks has incurred medical expenses in an amount to be proven at trial.

54. As a direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT VI
## (DEFENDANT CASE'S FAILURE TO WARN)

55. Plaintiff William Ricks incorporates paragraphs 1 through 54 as if fully rewritten herein.

56. Defendant CASE is negligent for allowing a hazardous condition to exist in the form of an

unmarked puddle of a liquid or liquid-like substance that was not open and obvious within the Premises with no posted signage warning of the hazardous condition.

57. Upon information and belief, Defendant CASE had both actual and constructive knowledge that the hazardous condition existed while patrons were present at the Premises and failed to monitor, limit or restrict access to the hazardous condition.

58. As the direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

59. As a direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks has suffered permanent physical injuries causing pain and suffering.

60. As a direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks has sustained damages, including medical bills, in excess of $75,000.00 and will continue to sustain damages in an amount to be proven at trial.

61. As a direct and proximate result of Defendant CASE's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT VII
## (DEFENDANT WWE'S NEGLIGENCE)

62. Plaintiff William Ricks incorporates paragraphs 1 through 61 as if fully rewritten herein.

63. Upon information and belief, Defendant WWE is the promotional operator and/or property manager of the Premises at the time of the incident giving rise to Plaintiff's claims.

64. On or about April 22, 2024, Plaintiff was present as a business invitee and customer at the Premises for the Monday Night Raw show when he was walking in and around an aisle by sections 207/208 when he slipped and fell due to a hazardous condition that existed in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and

obvious.

65. At or about that time, Defendant WWE's employees and/or agents negligently performed their duties in that they created the latent hazardous condition and/or failed to warn patrons of the latent hazardous condition.

66. As the direct and proximate result of Defendant WWE's employees and/or agents' negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

67. As a direct and proximate result of Defendant WWE's employees and/or agents' negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

68. As a direct and proximate result of Defendant WWE's employees and/or agents' negligence, Plaintiff William Ricks has incurred medical expenses in an amount to be proven at trial.

69. As a direct and proximate result of Defendant WWE's employees and/or agents' negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT VIII
## (DEFENDANT WWE'S VICARIOUS LIABILITY)

70. Plaintiff William Ricks incorporates paragraphs 1 through 69 as if fully rewritten herein.

71. Defendant WWE is liable for the acts of their employees and/or agents because their employees and/or agents were acting within the course and scope of their employment and/or agency with Defendant WWE at the time of the incident, or because Defendant WWE ratified the acts of their Employees.

72. As a direct and proximate result of the negligent acts committed by Defendant's employees and/or agents within the course and scope of employment and/or agency described herein,

10

Defendant WWE is vicariously liable for the aforesaid acts of its employees pursuant to the doctrine of *Respondeat Superior.*

73. As the direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

74. As a direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

75. As a direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks has incurred medical expenses in an amount to be proven at trial.

76. As a direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT IX
## (DEFENDANT WWE'S FAILURE TO WARN)

77. Plaintiff William Ricks incorporates paragraphs 1 through 76 as if fully rewritten herein.

78. Defendant WWE is negligent for allowing a hazardous condition to exist in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious within the Premises with no posted signage warning of the hazardous condition.

79. Upon information and belief, Defendant WWE had both actual and constructive knowledge that the hazardous condition existed while patrons were present at the Premises and failed to monitor, limit or restrict access to the hazardous condition.

80. As the direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

81. As a direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks has suffered permanent physical injuries causing pain and suffering.

82. As a direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks has sustained damages, including medical bills, in excess of $75,000.00 and will continue to sustain damages in an amount to be proven at trial.

83. As a direct and proximate result of Defendant WWE's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT X
## (DEFENDANT ABC COMPANIES 1-10'S NEGLIGENCE)

84. Plaintiff William Ricks incorporates paragraphs 1 through 83 as if fully rewritten herein.

85. Upon information and belief, Defendant ABC Companies 1-10 is the operator and/or property manager of the Premises.

86. On or about April 22, 2024, Plaintiff was present as a business invitee and customer at the Premises for the Monday Night Raw show when he was walking in and around an aisle by sections 207/208 when he slipped and fell due to a hazardous condition that existed in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious.

87. At or about that time, Defendant ABC Companies 1-10's employees and/or agents negligently performed their duties in that they created the latent hazardous condition and/or failed to warn patrons of the latent hazardous condition.

88. As the direct and proximate result of Defendant ABC Companies 1-10's employees and/or agents' negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

89. As a direct and proximate result of Defendant ABC Companies 1-10's employees and/or agents' negligence, Plaintiff William Ricks has suffered potentially permanent physical

injuries causing pain and suffering.

90. As a direct and proximate result of Defendant ABC Companies 1-10's employees and/or agents' negligence, Plaintiff William Ricks has incurred medical expenses in an amount to be proven at trial.

91. As a direct and proximate result of Defendant ABC Companies 1-10's employees and/or agents' negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT XI
## (ABC COMPANIES 1-10 VICARIOUS LIABILITY)

92. Plaintiff William Ricks incorporates paragraphs 1 through 91 as if fully rewritten herein.

93. Defendant ABC Companies 1-10 is liable for the acts of their Employees because their Employees were acting within the course and scope of their employment with Defendant ABC Companies 1-10 at the time of the incident, or because Defendant ABC Companies 1-10 ratified the acts of their Employees.

94. As a direct and proximate result of the negligent acts committed by their Employees within the course and scope of employment described herein, Defendant ABC Companies 1-10 is vicariously liable for the aforesaid acts of its employees and/or agents pursuant to the doctrine of *Respondeat Superior.*

95. As the direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

96. As a direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks has suffered potentially permanent physical injuries causing pain and suffering.

97. As a direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff

William Ricks has incurred medical expenses in an amount to be proven at trial.

98. As a direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT XII
## (DEFENDANTS ABC COMPANIES 1-10 FAILURE TO WARN)

99. Plaintiff William Ricks incorporates paragraphs 1 through 98 as if fully rewritten herein.

100. Defendant ABC Companies 1-10 is negligent for allowing a hazardous condition to exist in the form of an unmarked puddle of a liquid or liquid-like substance that was not open and obvious within the Premises with no posted signage warning of the hazardous condition.

101. Upon information and belief, Defendant ABC Companies 1-10 had both actual and constructive knowledge that the hazardous condition existed while patrons were present at the Premises and failed to monitor, limit or restrict access to the hazardous condition.

102. As the direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks sustained physical injuries causing pain and suffering.

103. As a direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks has suffered permanent physical injuries causing pain and suffering.

104. As a direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks has sustained damages, including medical bills, in excess of $75,000.00 and will continue to sustain damages in an amount to be proven at trial.

105. As a direct and proximate result of Defendant ABC Companies 1-10's negligence, Plaintiff William Ricks has sustained a loss of the enjoyment of his life and will continue to do so for the rest of his life.

## COUNT XIII
## (DEFENDANT UMR'S SUBROGATION)

106. Plaintiff William Ricks incorporates paragraphs 1 through 105 as if fully rewritten herein.

107. Upon information and belief, Plaintiff William Ricks may have had medical assistance with or received payments from Defendant UMR for care and treatment rendered due to injuries sustained in the aforementioned accident.

108. Defendant UMR is or may be subrogated to a portion of Plaintiff William Ricks's claim against Defendants and should be required to assert its interest or otherwise be forever barred from doing so as to any party hereto.

109. Plaintiff William Ricks states that Defendant UMR has or may have an interest in this action and should assert its right of subrogation at this time or be forever barred from doing so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff William Ricks demands judgment against Defendant Schottenstein Center, Defendant CASE, Defendant WWE, and Defendant ABC Companies 1-10, jointly and severally, in an amount in excess of $75,000.00, plus his costs herein and any other relief the court deems reasonable, equitable, or proper.

WHEREFORE, Plaintiff William Ricks demands Defendant UMR set forth their subrogation, if any, or forever be barred from the collection thereof.

/ / /

/ / /

Respectfully Submitted,

*/s/ Joel A. Buckley*
Joel A. Buckley (0099278)
Michael S. Kahan (0090864)
Monica L. Carson (0098652)
Jones Kahan Law LLC
2321 Kemper Lane
Cincinnati, OH 45206
Jbuckley@jklawoffices.com
Mkahan@jklawoffices.com
Mcarson@jklawoffices.com
(513)-813-4000
(888)-447-1859
*Attorneys for Plaintiff William Ricks*